Argued and submitted February 3, reversed and remanded
for more complete findings June 9, 1982

## EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

## BROWN et al,
*Respondents.*

(No. 81-T-6, CA A22228)

646 P2d 73

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Cameron C. Thom and McInturff, Thom & Day, from Coos Bay, filed the brief for respondents.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

### GILLETTE, P. J.

The Employment Division seeks review of a decision of the referee, made pursuant to ORS 657.683, setting aside a deficiency assessment against respondents Brown, dba Charleston Boat (hereafter Charleston Boat).[1] In the referee's view, the obligations of Charleston Boat were assumed by a successor corporation, Charleston Marine Works, so that Charleston Boat was relieved of liability. We reverse and remand for more complete findings.

Charleston Boat, a loosely organized partnership whose purpose was to build a crabbing boat, began operations in June, 1979. The successor corporation, Charleston Marine Works, was incorporated on October 3, 1979. The referee concluded that any Charleston Boat liability for deficiencies in payroll taxes passed to the corporation as a successor employer, ORS 657.480, and that Charleston Boat was relieved of all liability for such deficiencies.

Charleston Boat concedes in this court that the fact that the corporation was a successor under ORS 657.480 does not relieve it of liability for deficiencies incurred before the business was taken over by the corporation. The remaining issue, then, is when that transfer took place. Charleston Boat contends that the transfer date is October 3, 1979, the date of Charleston Marine Works' incorporation. The Division contends that checks were written under the imprint of Charleston Boat until November 30, 1979, and that that is the date of the transfer. The referee found as a fact that incorporation took place on September 19, 1979, a date not appearing anywhere in the record. He also found that the corporation became a successor employer as of December 1, 1979. This latter finding would seem to suggest that Charleston Boat was the subject employer through November 30. However, in his conclusions the referee states:

"* * * In addition, during all of the period of time in 1979 that Charleston Marine Works, Inc., was in existence, it and not applicant [Charleston Boat] was the subject employer."

---

[1] The matter is before us on judicial review pursuant to ORS 657.684.

The parties agree that the referee was in error in concluding the Charleston Boat was relieved of all liability for deficiencies incurred while it was the subject employer. The only remaining issue, the date on which the business was transferred to the corporation, is a fact question. The record would appear to support *either* October 3, 1979, or November 30, 1979, but we cannot tell from the referee's order what finding—if any—was finally made on that issue. We therefore remand for that determination to be made.

Reversed and remanded for more complete findings.